# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Rahmo A.A.,                                          Civil No. 26-829 (DWF/DJF)

                    Petitioner,

v.                                                   **MEMORANDUM**
                                                     **OPINION AND ORDER**
David Easterwood, *Director of St. Paul*
*Field Office, U.S. Immigration and*
*Customs Enforcement, in their official*
*capacities*; Kristi Noem, *Secretary of the*
*U.S. Department of Homeland Security, in*
*their official capacities*; Pamela Bondi,
*Attorney General of the United States, in*
*their official capacities*; and Daren
Margolin, *Acting Deputy Director,*
*Executive Office for Immigration Review,*
*in their official capacities*,

                    Respondents.


## INTRODUCTION

This matter is before the Court on Petitioner Rahmo A.A.'s petition for a writ of
habeas corpus (the "Petition").  (Doc. No. 1.)  Respondents filed a form response
asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A).  (*See* Doc. No. 5.)
For the reasons set forth below, the Court grants the Petition and orders Respondents to
release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Ethiopia and a resident of Minneapolis, Minnesota.  (Doc.
No. 1 ¶¶ 20, 26.)  Petitioner has resided in the United States continuously since February

2023, when she initially entered the United States without inspection. (*Id.* ¶ 26.) At the time of entry, Petitioner was initially detained but released into the United States on her own recognizance pursuant to 8 U.S.C. § 1226 and was issued an I-220A. (*Id.* ¶ 27.) Petitioner has no criminal record. (*Id.* ¶ 26.) Petitioner filed an initial asylum application on October 30, 2023. (*Id.* ¶ 28.) Petitioner was placed in removal proceedings through a Notice of Appearance dated February 24, 2023. (*Id.* ¶ 27.)

U.S. Immigration and Customs Enforcement ("ICE") agents, or other federal agents acting on ICE's behalf, arrested Petitioner on January 29, 2026, at her regularly scheduled check-in. (*Id.* ¶ 29.) Petitioner was detained at the Whipple Federal Building at Fort Snelling in Minnesota and, to the knowledge of Petitioner's counsel, she has not been moved. (*Id.* ¶¶ 1, 16.)

Petitioner filed the Petition on January 29, 2026. (*Id.* at 17.) Petitioner asserts that her detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act, and because she is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-cv-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025). (*Id.* ¶¶ 43-55.)[1] Petitioner requests, among other things, release from detention or an order requiring Respondents to provide her with a bond hearing under 8 U.S.C. § 1226 within seven days. (*Id.* at 16-17.) On January 29, 2026, the Court

---

[1]    Because the Court concludes that § 1225(b) does not apply to Petitioner, and therefore Petitioner is entitled to relief regardless of whether she is a member of the class, the Court need not address the effect of *Maldonado Bautista*.

ordered Respondents to answer the Petition on or before February 1, 2026, at 12:00 p.m.

CT, and enjoined Respondents from moving Petitioner from this District pending further

order.  (Doc. No. 3.)  Respondents timely filed a form response.  (Doc. No. 5.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in

violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).  That

authority includes jurisdiction to hear habeas challenges to immigration-related detention.

*Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896,

900-01 (D. Minn. 2020).  The burden is on the petitioner to prove illegal detention by a

preponderance of the evidence.  *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149,

1154 (D. Minn. 2025).

Respondents submitted a form response, arguing that Petitioner is subject to

mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and pointing the Court to their

arguments in a pending Eighth Circuit case:  *Avila v. Bondi*, No. 25-3248.  (*See* Doc.

No. 5.)  As this Court has explained on multiple occasions, Respondents' interpretation of

§ 1225 contradicts the plain language of the statute.  *See Jose L.M.S. v. Bondi*,

No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*,

No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*,

No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026).  Section 1225 applies

to "applicants for admission"—noncitizens who are either "present in the United States

who ha[ve] not been admitted or who arrive[] in the United States."  8 U.S.C.

§ 1225(a)(1).  Section 1226 applies where § 1225 is inapplicable and provides

immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because she has been in the United States for three years and has a pending application for asylum. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detainment. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detainment and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 5). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1.      Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is

**GRANTED**.

2.      The Court **DECLARES** that Petitioner's current detention is unlawful

under the Constitution and laws of the United States.

3.      Respondents are **ORDERED** to release Petitioner from custody

immediately.

4.      Within three (3) days of the date of this Order, the Government shall

provide the Court with a status update confirming Petitioner's release.

5.      Respondents are directed to release Petitioner:  (1) in Minnesota; (2) with

all personal documents and belongings, such as her driver's license, passport, other

immigration documents, and cell phone; (3) without conditions such as ankle monitors or

tracking devices; and (4) with all clothing and outerwear she was wearing at the time of

detention, or other proper winter attire.  In addition, Respondents shall provide

reasonable advance notice to counsel to arrange for a safe release of Petitioner.

6.      Respondents are **ENJOINED** from re-detaining Petitioner under this same

statutory theory, absent materially changed circumstances.

7.      Within thirty (30) days of final judgment in this action, Petitioner may

move to recover attorneys' fees and costs under the Equal Access to Justice Act,

28 U.S.C. § 2412(d).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 2, 2026                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge